UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Eliazar Cabrera,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>FCA US LLC, et al.,<br><br>　　　　　　　Defendants. | No. 1:22-cv-00431-NODJ-BAM<br><br>ORDER |

Plaintiff Eliazar Cabrera sued defendant FCA US, LLC, in state court. FCA removed the case to this court, asserting diversity jurisdiction. Cabrera moves to remand, arguing FCA cannot carry its burden to demonstrate a sufficient amount in controversy to meet the threshold required for diversity jurisdiction. Because FCA has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, **the motion is denied.**[1]

I.  **BACKGROUND**

On March 23, 2018, Cabrera entered into a warranty contract with FCA after purchasing a truck. *See* Compl. ¶ 14, Not. Removal, Ex. B, ECF No. 1–3. Cabrera experienced problems

---

[1] In the interests of justice and addressing the heavy civil caseloads in the Fresno courthouse, the undersigned resolves only the pending motion to remand, ECF No. 7. Upon resolution of this motion, unless or until otherwise ordered by the court, the case will remain as currently assigned and will retain case number No. 1:22-cv-00431-NODJ-BAM.

during the express warranty period, *id.* ¶ 15, and despite repair attempts, FCA could not conform the vehicle to the warranty, *id.* ¶ 18. Cabrera did not allege what price he paid for the truck in the complaint, but FCA filed a copy of the contract in its notice of removal, which stated the sales price was $36,644.91, inclusive of sales tax and miscellaneous fees. Sales Contract at 2, Fisher Decl., Ex. A, ECF No. 1–3.

Cabrera filed this lawsuit in state court. Compl., Fisher Decl., Ex. B, ECF No. 1–3. The complaint included two claims: breach of express and implied warranties, both under the California Song-Beverly Consumer Warranty Act. *Id.* ¶¶ 21, 27–32. Cabrera did not request a specific amount in damages, but rather requested relief in more general categories, including general, special and actual damages, incidental and consequential damages, reasonable attorney's fees and costs as well as civil penalties. *Id.* at 5.

FCA timely filed its Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446, asserting diversity jurisdiction. *See generally* Not. Removal. Cabrera now moves to remand, contending FCA's estimates of the amount in controversy are speculative. Mem. P. & A. at 2, ECF No. 7–1. FCA opposes the motion, and in the alternative, FCA requests the court's permission to conduct discovery to support its allegations about the amount in controversy. Opp'n, ECF No. 9. Cabrera has replied. Reply, ECF No. 10. The court took the matter under submission without hearing oral arguments. Min. Order, ECF No. 8.

**II.  LEGAL STANDARD**

Federal district courts have original jurisdiction over civil cases in which the amount in controversy exceeds $75,000 and the case is between citizens of different states. 28 U.S.C. § 1332. A defendant may remove a matter to federal court if the district court would have original jurisdiction. *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The removal statute is strictly construed, and doubts regarding the court's jurisdiction are resolved in favor of remand. *See Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). Removal is proper only when (1) the case presents a federal question or (2) there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

The amount in controversy is an "estimate of the total amount in dispute." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citation omitted). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the jurisdictional amount]."). To determine the amount in controversy, the district court considers the complaint, allegations in the removal petition, and "summary-judgment-type evidence relevant to the amount in controversy," *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citation omitted), as well as evidence filed in opposition to the motion to remand, *Lenau v. Bank of Am., N.A.*, 131 F. Supp. 3d 1003, 1005 (E.D. Cal. 2015) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002) (per curiam)). The court must "accept[ ] the allegations contained in the complaint as true and assume[ ] the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017) (unpublished).

**III.   ANALYSIS**

The parties do not dispute their complete diversity of citizenship, so the only question is whether the amount in controversy exceeds $75,000. As explained below, FCA has shown the amount in controversy exceeds $75,000 based on Cabrera's request for actual damages and civil penalties.

First, as for actual damages, Cabrera does not dispute FCA's allegation that he purchased the truck for $36,644.91. He contends FCA has failed to account for a mileage offset and has consequently overstated the amount in controversy. Mot. Remand at 5–6. District courts disagree whether mileage offsets must be included at this stage. *Compare Tucker v. FCA US LLC*, 2021 WL 3733243, at *3 (C.D. Cal. Aug. 23, 2021) (mileage offsets and vehicle-value reductions not appropriate for amount-in-controversy purposes), *with Bourland v. Ford Motor Co.*, 2020 WL 5797915, at *4 (N.D. Cal. Sept. 29, 2020) ("[A] mileage offset is both relevant and

important to the calculation of amount in controversy."). This court need not decide whether mileage offsets must be included, as FCA provides a detailed proposed calculation in its opposition brief, *see* Opp'n at 5, ECF No. 9, which Cabrera does not refute. *See Villegas v. Ford Motor Co.*, 2023 WL 3144540, at *9 (E.D. Cal. Apr. 28, 2023) (finding defendants not required to submit evidence regarding mileage offset in notice of removal because they submitted a "pointed calculation" in opposition to remand). After an adjustment for the mileage offset, the amount of actual damages in controversy falls between $28,370.18 and $29,374.11.[2]

Second, in addition to actual damages, "a buyer who establishes a willful violation of the Song-Beverly Act may also recover a civil penalty of up to 'two times the amount of actual damages.'" *Id.*, 2023 WL 3144540, at *9; Cal. Civ. Code § 1794(c), (e)(1). "District courts in the Ninth Circuit are split on whether to include Song-Beverly Act civil penalties in calculations to assess the amount in controversy, taking into account a plaintiff's pleadings." *See Ferguson v. KIA Motors Am. Inc.*, 2021 WL 1997550, at *3 (E.D. Cal. May 19, 2021) (collecting and comparing cases). This court has determined that when a plaintiff both alleges that a defendant's violations of the Song-Beverly Act were willful and requests a civil penalty, the court must assume the amount in controversy includes the full civil penalty. *See id.* The court finds no reason to deviate from that position now. FCA has cited Cabrera's allegations of willful violations and his request for civil penalties, so the court will include the requested civil penalties in the amount in controversy. As noted above, Cabrera is entitled to actual damages of between $28,370.18 and $29,374.11. Adding Cabrera's claim for a civil penalty of two times actual damages brings the total amount in controversy to between $85,110.54 and $88,122.33, which exceeds the jurisdictional threshold.

---

[2] FCA's calculation may not be accurate. This order should not be understood as an endorsement of any calculation. For example, the mileage attributable to Cabrera is 27,097 miles and the sales price is $36,644.91. Using the Song-Beverly calculation, Cal. Civ. Code § 1793.2(d)(2)(C), the court for the current purposes assigns $8,274.73 for the mileage offset and $28,370.18 in actual damages in controversy. Regardless of the mileage offset value used, the amount in controversy exceeds $75,000. Using FCA's calculation (not including incidental damages), the amount in controversy is $88,122.33. Using the court's calculation, the amount in controversy is $85,110.54.

The court need not and does not consider whether other requests for relief in Cabrera's complaint, such as his request for attorneys' fees, would yield a larger estimate of the amount in controversy.  FCA's request for jurisdictional discovery also is moot.

**IV.   CONCLUSION**

**The motion to remand is denied.**  This order resolves ECF No. 7.

IT IS SO ORDERED.

DATED:  December 6, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE