UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAZAR CABRERA, | No.  1:22-cv-00431-KES-FRS |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S UNOPPOSED MOTIONS FOR ATTORNEY FEES AND COSTS |
| v. | |
| FCA US LLC, | |
| Defendant. | (Doc. 37, 38) |

Plaintiff Eliazar Cabrera moves for attorneys' fees and costs.  Docs. 37, 38.  The matter is suitable for resolution without oral argument.  For the reasons set forth herein, Cabrera's unopposed motion for attorneys' fees is granted in part and his motion for costs is granted.

## I.    BACKGROUND

Cabrera filed suit against defendant FCA US LLC ("FCA") in Fresno County Superior Court, alleging violations of the Song-Beverly Consumer Warranty Act.  Doc. 1–3.  FCA removed this action to this Court on April 13, 2022, and Cabrera moved to remand this action back to state court.  Docs. 1, 7.  The Court denied Cabrera's motion to remand.  Doc. 21.  Thereafter, no dispositive motions were filed.  The parties engaged in discovery, including written discovery, expert discovery, and four depositions, before reaching a settlement agreement.  Doc. 37-1 at 6; 37-2 ¶ 12.

1

On September 8, 2025, the parties filed a joint status report indicating that they had reached a settlement in the amount of $85,980.53, which included damages and civil penalties. Docs. 34; 37-1 at 5.  Cabrera moves for reasonable attorneys' fees and costs totaling $88,300.85. Docs. 37, 38.  FCA does not oppose Cabrera's motions.[1]  Doc. 41.

## II.    LEGAL STANDARD

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law."  *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007).  In a Song-Beverly action, a prevailing buyer is allowed to recover as part of the judgment reasonable attorneys' fees and costs.  Cal. Civ. Code § 1794(d).  This fee-and-cost recovery provision reflects the California legislature's intent to provide "injured consumers strong encouragement to seek legal redress" for 'lemon law' cases.  *Murillo v. Fleetwood Enterprises, Inc.*, 17 Cal. 4th 985, 994 (1998); *Wohlgemuth v. Caterpillar Inc.*, 207 Cal. App. 4th 1252, 1261 (2012) ("The provision for recovery of costs and attorney fees in [Civil Code] section 1794(d) is an important aspect of this consumer protection, and without it many would not be financially able to pursue a remedy.").  The prevailing buyer has the burden of showing that the fees incurred were allowable, reasonably necessary to the conduct of the litigation, and reasonable in amount.  *Goglin v. BMW of North Am., LLC*, 4 Cal. App. 5th 462, 470 (2016).

## III.    DISCUSSION

The parties' settlement agreement indicates that Cabrera is entitled to seek reasonable attorneys' fees and costs.  Cabrera moves for attorneys' fees and costs totaling $88,300.85, which consists of $51,866.00 in attorneys' fees, a lodestar multiplier of 1.5 in the amount of $25,933.00, and $10,501.85 in litigation costs.  Docs. 37, 38.  These fees are meant to cover work completed on the complaint, motion for remand, written and expert discovery, four depositions, preparation for a scheduling hearing, attending mediation, and litigation of the instant fees and costs motion. Doc. 37-2, Ex. A.

---

[1] Under Local Rule 230(c), the failure to timely oppose a motion may be construed as a non-opposition.

District courts typically use the lodestar method for calculating reasonable attorneys' fees in Song-Beverly actions. *Cox v. FCA US LLC*, No. 3:20-CV-03808-WHO, 2022 WL 316681, at *1 (N.D. Cal. Feb. 2, 2022). Under the lodestar method, the district court calculates the lodestar by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Welch v. Metro. Life Ins. Co.*, 480 F. 3d 942, 945 (9th Cir. 2007). The district court may then adjust or enhance the lodestar by applying a multiplier based on a variety of factors. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

Having reviewed the unopposed motion and the relevant authorities, the Court concludes that, except for some fees related to the litigation of this motion, the requested attorneys' fees and costs are reasonable. The hourly rates of Cabrera's attorneys, ranging from $200 to $645, are comparable to those of attorneys whose rates have been approved by other courts in this district. *See Meeks v. FCA US LLC*, No. 1:22-CV-0761 JLT CDB, 2024 WL 4437098, at *7 (E.D. Cal. Oct. 7, 2024) (finding that hourly rates ranging from $200 to $750 reasonable depending on an attorney's years of experience). The hours expended by Cabrera's attorneys are generally reasonable. Although Cabrera anticipated that FCA would file an opposition to this motion and he would have to respond and appear at a hearing, this motion was unopposed, and the matter was taken under submission without oral argument. Therefore, the Court reduces the total amount of fees requested on the present motions by $3,575. This results in a total of $48,291 ($51,866.00 total requested fees minus $3,575 fees requested to litigate the instant motion).

Cabrera also seeks a 1.5 multiplier enhancement due to the civil penalties recovered, the discovery involved in the case, and the risks involved in taking the case on a contingency basis. The lodestar amount can be increased by a multiplier based on several factors, including: the quality of representation, the novelty and complexity of issues, the results obtained, and the contingent risk presented. *See In re Consumer Privacy Cases*, 175 Cal. App. 4th 545, 556 (2009). Cabrera has not established that this case presented any particularly novel or complex issues. Nor did defendant file any dispositive motions. The parties exchanged written discovery, conducted depositions, litigated a motion to remand, and conducted other standard litigation tasks. The amount of time and skill required to obtain the settlement are reflected in the number of billable

3

hours recorded and the reasonable hourly rate, which are already accounted for as part of the lodestar amount. *See Cabrera v. Ford Motor Co.*, No. 23-CV-1775-WQH-LR, 2025 WL 2462442, at *12 (S.D. Cal. Aug. 26, 2025). Accordingly, the Court declines to apply a multiplier to the lodestar amount in this action.

Cabrera also seeks $10,501.85 in costs. FCA does not oppose Cabrera's assertion that those itemized costs are recoverable in this action.

## IV. CONCLUSION

For the reasons stated above, Cabrera's motions for attorneys' fees and costs, Doc. 37 and Doc. 38, are granted in the amount of $58,792.85, which consists of an award of $48,291.00 in attorneys' fees and $10,501.85 in costs.

Pursuant to the Court's November 18, 2025 order, Doc. 40, the parties shall file appropriate papers to dismiss or conclude this action in its entirety within thirty (30) days of the entry of this Order, which resolves plaintiff's motion for attorneys' fees, Doc. 37, and plaintiff's motion for costs and expenses, Doc. 38.

IT IS SO ORDERED.

Dated:   January 25, 2026

_____
UNITED STATES DISTRICT JUDGE